Kym Samuel Cushing, Esq.
Nevada Bar No.: 004242
Carl R. Houston, Esq.
Nevada Bar No. 011161
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; FAX (702) 727-1401
Kym.Cushing@wilsonelser.com
Carl.Houston@wilsonelser.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LYDIA NOYOLA,<br><br>        Plaintiff,<br><br>    v.<br><br>J.C. PENNEY COMPANY, INC.; et al.,<br><br>        Defendants. | CASE NO.: 2:14-cv-00559-RFB-PAL<br><br>**STIPULATION/JOINT MOTION FOR LIMITED EXTENSION OF DISCOVERY DEADLINES (FIRST REQUEST)** |

The above named parties, by and through their respective counsel of record, hereby move the court and submit the following STIPULATION/JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINES (First Request), which arises from a July 29, 2012 incident where Linda Noyola ("plaintiff") fell within the J.C. Penney salon, located at Meadows Mall, in Las Vegas, Nevada ("subject incident").

**A.    DISCOVERY COMPLETED TO DATE**

1. Parties conducted an initial rule 26(f) conference.
2. Both parties served their respective initial disclosures within the permitted time allotted, and have subsequently served multiple supplemental disclosures thereto.
3. Plaintiff amended her complaint to name Ms. Cleveland; defendants filed their answer.
4. Parties entered into a confidentiality agreement and stipulated protective order regarding JCP's proprietary documentation.
5. Parties conducted a site inspection, including the pedicure chair that is the subject of this case.
6. On November 6, 2014, the parties served their initial expert witness disclosures.

730247v.1

7. On November 11, 2014, defendants' medical records review expert (Dr. Derek Duke) performed an independent medical examination of plaintiff because she underwent a serious lumbar fusion surgery with Dr. William Muir on November 14, 2014.

8. On December 3, 2014, defense counsel deposed plaintiff regarding the subject incident and already procured medical records.

9. On December 7, 2014, the parties served the appropriate rebuttal expert disclosures.

10. JCP is still in the process of obtaining independent copies of plaintiff's medical records, especially pre-subject incident records from other jurisdictions.

11. Throughout December, defense counsel's office continued their diligent efforts to obtain pertinent medical records; as well as secure deposition dates from corresponding medical providers and expert witnesses pursuant to the court's November 25, 2014 order (Doc. No. 42).

12. From December 19, 2014, through December 31, 2014, parties' counsel engaged in a series of meet-and-confer communications to discuss remaining deposition discovery and corresponding dates/ranges that might work for all parties involved, which includes considerable travel considerations.

**B.   DISCOVERY THAT REMAINS TO BE COMPLETED**

Defendants believe they need to conduct the following depositions before discovery concludes:

| Deposition | Date |
| --- | --- |
| JCP's FRCP 30(b)(6) corporate designee | January 9, 2015 |
| Lessie Cleveland | January 9, 2015 |
| Dr. William Muir (plaintiff's surgeon/expert) | January 13, 2015 |
| Plaintiff (continued from 12/3/14) | Late January (target) |
| Dr. Sean Jebrailli (Virginia surgeon) | Late January/February 2015 (target) |
| Dr. Mudit Sharma (Virginia treatment provider) | Late January/February 2015 (target) |
| Dr. Sadia Masood (Virginia treatment provider) | Late January/February 2015 (target) |

| | |
|---|---|
| Dr. James Melisi (former Virginia surgeon that currently resides in New Mexico) | February 2015 (target) |
| David Elliott (plaintiff's safety expert) | February 12, 2015 |

In addition to the foregoing, defendants have learned there might be additional medical treatment providers, which plaintiff could have inadvertently omitted in her disclosures. Thus, defendants will likely need the requested time to complete procurement of those records and evaluate the same in their continued defense development for trial.

C. **REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED/CANNOT BE COMPLETED WITHIN CURRENT DISCOVERY DEADLINES**

1. Defendants are in the process of obtaining new medical records that predated the subject incident, which also revealed new medical providers that treated plaintiff in another jurisdiction and before the subject incident.

2. Despite the defendants' diligent attempts to procure deposition dates and medical records from plaintiff's treatment providers from other jurisdictions, there were difficulties in obtaining the same due to various holiday schedule issues and the considerable distance between Las Vegas and plaintiff's pre-accident medical providers (out-of-jurisdiction). For instance, Dr. Melisi (one of plaintiff's pre-subject incident surgeons) closed his Virginia practice and is currently determining if he can still locate his prior records from his current New Mexico office practice.

3. The principal attorneys for both parties had trials scheduled to commence in the last sixty (60) days or in the next sixty (60) days, which made it difficult to properly coordinate schedules to conduct the necessary discovery before the current deadline.

D. **PROPOSED DISCOVERY SCHEDULE**

| | |
|---|---|
| Initial Expert Disclosures: | Closed |
| Interim Status Report | Closed |
| Rebuttal Expert Disclosures: | Closed |
| Close of Discovery: | March 4, 2015 (primarily focusing on deposition discovery pursuant to referenced dates/ranges in section B) |
| Dispositive Motions: | April 3, 2015 |
| Joint Pre-Trial Order: | May 4, 2015 |

3

730247v.1

The instant stipulation/joint motion and order is not being submitted at least twenty-one (21) days before the January 5, 2015 discovery disclosure deadline for all the reasons discussed above (e.g. meet-and-confer communications). Although the parties' intent was to honor and conduct discovery pursuant to the operative discovery deadlines, it is impossible for the parties to complete the same for purposes of sufficiently prosecuting—and defending—the pertinent claims/issues during trial. Defendants believe that the recent events (e.g. plaintiff's November 14, 2014 lumbar fusion surgery and the difficulties in obtaining pre-accident records/deposition dates from Virginian medical providers) have compelled defendants' need to conduct the foregoing depositions per the subsection B schedule. Plaintiff's counsel agrees with defendants' position regarding the need to conduct those depositions. Moreover, defendants believe that they would be unduly prejudiced if they were not permitted additional time (as requested) to conduct discovery (primarily depositions) as they would not be able to adequately defend plaintiff's claims at trial without being armed with all the necessary evidence.

Accordingly, the instant joint stipulation/motion to extend discovery is being submitted as soon as it became possible to do so, while attempting to comport with court order (Doc. No. 42). Indeed, defense counsel is willing to provide a sworn affidavit regarding the substance of this stipulation/joint motion should the court require the same.

DATED this  5th  day of January 2015.

**RICHARD HARRIS LAW FIRM**

 /s/ Jonathan R. Hicks 
Jonathan R. Hicks, Esq.
Nevada Bar No.: 9584
Benjamin Cloward, Esq.
Nevada Bar No.: 11087
801 South 4th Street
Las Vegas, NV 89101
Attorneys for Plaintiff

DATED this  5th  day of January 2015.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

 /s/ 
Kym Samuel Cushing, Esq.
Nevada Bar No.: 4242
Carl R. Houston, Esq.
Nevada Bar No. 11161
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorney for Defendants

IT IS SO ORDERED this 7th day of January, 2015.

Peggy A. Leen
United States Magistrate Judge

4

730247v.1

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and that on this 5th day of January 2015, I electronically filed and served a true and correct copy of the foregoing **STIPULATION/JOINT MOTION FOR LIMITED EXTENSION OF DISCOVERY DEADLINES (FIRST REQUEST)** to be electronically transmitted to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jonathan R. Hicks, Esq.
Benjamin Cloward, Esq.
Richard Harris Law Firm
801 South Fourth Street
Las Vegas, NV 89101
Ph.: (702) 444-4444
Attorney for Plaintiff

An Employee of
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

6

730247v.1